UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 05-CR-0166-CVE |
| ) | |
| TOMMY ALAN TOOTHMAN,  ) | |
| ) | |
| Defendant.  ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Suppress Statements of Defendant Tommy Toothman (Dkt. # 12).  Toothman seeks to suppress statements he made claiming ownership of firearms and controlled substances found in a trailer in which he was residing. On February 10, 2006, the Court held a hearing on defendant's motion.

**I.**

On July 16, 2003, three members of the Drug Task Force for the District Attorney's Office of District 10 -- David L. Hinman, Thomas H. Nave, and Pablo Pinzon -- served a search warrant on a piece of property located in Collinsville, Oklahoma.  That property, owned by defendant's mother, Vivian Toothman, contained, inter alia, a single-wide trailer mobile home.  Upon their arrival, the officers served the search warrant on Vivian Toothman and proceeded to search the trailer.  Officer Hinman discovered defendant, sleeping, in a bedroom on the south end of the trailer. The officers roused defendant, removed him from the trailer, and took turns guarding him while the search of the property proceeded.  While Officer Pinzon guarded defendant outside the trailer, he advised defendant of his Miranda rights and obtained an oral waiver of those rights from defendant. During the course of his interview with Officer Pinzon, defendant admitted that the guns and drugs

discovered during the search belonged to him. The narrow issue presented by defendant's motion to suppress is whether defendant's physical condition -- that is, under the influence of alcohol and Lortabs, prescription pain medication -- prevented him from voluntarily waiving his Fifth Amendment right not to incriminate himself.[1]

## II.

A waiver of the Fifth Amendment privilege against self incrimination must be made "voluntarily, knowingly, and intelligently." Miranda v. Arizona, 384 U.S. 436, 444 (1966). That principle has been distilled to require, first, that the waiver be voluntary in the sense that it was "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and, second, that it be made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Morris, 287 F.3d 985, 988 (10th Cir. 2002). "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. Defendant does not allege that his statements were coerced, but contends that the combined effect of the alcoholic beverage and medication he consumed prior to the search prevented him from knowingly waiving his Miranda rights.

A state of intoxication does not automatically render a statement involuntary. United States v. Muniz, 1 F.3d 1018, 1022 (10th Cir. 1993). Indeed, the Tenth Circuit has, in certain instances, upheld district courts' refusal to exclude statements on Fifth Amendment voluntariness grounds when defendant was under the influence of alcohol or drugs. While attempting to evade arrest, the

---

[1] Defendant does not allege that the officers neglected to inform him of his Miranda rights, or even that he did not waive those rights.

defendant in Morris sustained a gunshot wound for which he was hospitalized and prescribed Lortabs for pain treatment. During his hospital stay, defendant provided FBI agents with a signed Miranda waiver and, during a subsequent interview with the agents, made incriminating statements relating to the alleged crime. Defendant moved to suppress those statements on the ground that his extended hospital stay and use of prescription pain drugs prevented a knowing and intelligent waiver of his Miranda rights. The district court denied his motion. The Tenth Circuit affirmed the district court's decision, noting that defendant's physician had confirmed that his pain medication would not affect his mental abilities and that defendant was alert and responsive during the interview, demonstrated that he understood his right to remain silent by refusing to provide a written statement, and was coherent in conversations with agents guarding the room. 287 F.3d at 989.

Likewise, in United States v. Curtis, 344 F.3d 1057, 1065 (10th Cir. 2003), the defendant moved to suppress a videotaped confession on the ground that he was under the influence of marijuana, crack cocaine, and alcohol when he made the confession. The district court, after reviewing the videotape, observed that defendant's speech was somewhat slurred and that defendant occasionally laid his head down and closed his eyes during the course of the interview, but also noted that defendant gave direct answers to the police officers' questions. Further, the officers who interviewed defendant testified that defendant appeared lucid throughout the interview. On the basis of that testimony and defendant's responsive answers to the officers' questions, the trial court denied defendant's suppression motion, citing insufficient evidence to demonstrate that defendant's waiver had been involuntary. Identifying no error in the trial court's factual findings or legal determinations, the Tenth Circuit affirmed the district court's conclusion. Id. at 1066-67.

In the instant case, defendant claims that, on the day officers served the search warrant for his mother's property, he was intoxicated, having consumed whiskey the previous night, and under the influence of prescription pain medication. At the suppression hearing, defendant testified to having no recollection of being read his Miranda rights by any of the officers or of his conversation with Officer Pinzon. He claims that during the officers' search of his mother's property, he was nodding off and, at certain points, lying prone on the ground. Vivan Toothman testified that she smelled alcohol on defendant when the agents led him past her.

Officers Hinman, Nave, and Pinzon, all of whom testified at the supression hearing, offered a contrary account of defendant's condition. Although the officers testified that they were aware of defendant's status as an alcoholic and methamphetamine user prior to serving the warrant, they all insisted that on July 16, defendant demonstrated no signs of being under the influence of alcohol or drugs. Officer Nave testified that he had no memory of defendant lying on the ground while detained and represented that defendant, while under his care, stood against a vehicle in the yard. Officer Pinzon, similarly, testified that, while guarding defendant, he did not smell alcohol on defendant.[2] Pinzon also testified that defendant remained alert during the course of the interview following defendant's Miranda waiver and showed no signs that he may have been unaware of what was occurring.

Officer Pinzon's testimony at the suppression hearing demonstrated that defendant retained the capacity to answer questions intelligibly. At Officer Pinzon's request, defendant stated that he understood his Miranda rights, as explained by Officer Pinzon, and agreed to talk with the officer.

---

[2] Officer Pinzon did concede, on cross examination, that, at the time, defendant looked like a drug user.

When asked, he informed Officer Pinzon that he had used methamphetamine four days prior and that he was unaware of any contraband within the trailer, since it was his mother's residence. Informed of the firearms and controlled substance discovered in the residence, defendant initially stated that the materials belonged to his mother, but later assumed responsibility for ownership of the firearms and the drugs.

The Court finds persuasive the testimony of the three officers that defendant exhibited no visible effects of intoxication. Moreover, the evidence offered at the suppression hearing demonstrates that, whatever intoxicating beverages or medications defendant might have consumed prior to the search of his mother's property, those substances did not so overwhelm his mental faculties such that he was unable to understand the nature of the activities around him, the substance of the communications in which he was engaged, or the significance of the waiver which he provided.

**III.**

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Dkt. # 12) is hereby **denied**.

**DATED** this 23rd day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT